UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| EVA MENDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. M-07-27 |
| | § | |
| WAL-MART STORES EAST, L.P., | § | |
| | § | |
| Defendant. | § | |

### ORDER DENYING PLAINTIFF'S MOTION TO REMAND

Now before the Court for consideration is Plaintiff Eva Mendez ("Plaintiff") Motion to Remand. (Doc. 6). After considering Plaintiff's motion and Defendant Wal-Mart Stores East, LP's ("Defendant" or "Wal-Mart") response, the Court **DENIES** Plaintiff's Motion to Remand. (Docs. 6, 8).

**I. Background**

On October 30, 2006, Plaintiff filed suit against Defendant in the 229th Judicial District Court in Starr County, Texas seeking damages for a slip and fall injury that occurred on Defendant's premises. On February 14, 2007, Defendant filed its notice of removal and removed this case on the grounds that this Court has diversity jurisdiction over the action pursuant to 28 U.S.C. § 1331. (Doc. 1).[1] Plaintiff now moves to remand, arguing that (1) diversity jurisdiction does not exist; and (2) Defendant filed its notice of removal more than thirty (30) days after it was served and received notice. (Doc. 6 at 3).

**II. Analysis**

#### Removal More Than 30 Days and Diversity Jurisdiction

In support of her Motion to Remand, Plaintiff argues that Defendant did not file its Notice of Removal within thirty (30) days after it was served and received Plaintiff's notice of suit. Thus, Plaintiff contends that Defendant's removal is untimely. (Doc. 6 at 3). A notice of removal must be filed within thirty days after the receipt by the defendant of a copy of the initial pleading

---

[1] Pursuant to 28 U.S.C. § 1332, a federal court has jurisdiction over a civil action where the amount in controversy exceeds $75,000, exclusive of interests and costs, and the action is between parties of different states.

"setting forth" the removable claim, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. 28 U.S.C. § 1446(b). If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable. *Id.*(emphasis added). Under the Fifth Circuit, correspondence between parties and discovery-type documents may **constitute** "other **paper**" in certain circumstances, and requires a voluntary act by the plaintiff.[2] *Eggert v. Britton*, No. 0650754, 2007 U.S. App. LEXIS 6746, at *5 (5th Cir. Tex. Mar. 22, 2007) (*citing Addo v. Globe Life & Accident Ins. Co*., 230 F.3d 759, 762 (5th Cir. 2000).

It is undisputed that Plaintiff served her Original Petition on Defendant on or about November 27, 2006, and Defendant did not file its Notice of Removal until February 14, 2007. (Doc. 6 at 3). However, Defendant argues that the Original Petition did not affirmatively reveal on its face that Plaintiffs were seeking damages in excess of $75,000.00, exclusive of interest and costs. (Doc. 8 at 2). Defendant claims that it did not become aware that the amount in controversy exceeded $75,000.00 until Defendant was served with Plaintiff's Responses to Defendant's Request for Admissions on January 16, 2007. *Id*. Thus, Defendant argues that it filed its Notice of Removal timely on February 14, 2007, within thirty (30) days from which the case became removable. *Id*.; 28 U.S.C. § 1446(b).

In this case, Plaintiff's Original Petition clearly did not state that the amount in controversy exceeded the minimum jurisdictional amount necessary to invoke this Court's jurisdiction. (Doc. 2, attach. 1). In fact, the Original Petition did not state any dollar amount or range of dollar amounts at issue in the case. *Id*. It is also clear from Defendant's Request for Admissions that Plaintiff admits to seeking damages in excess of $75,000.00, exclusive of interest and costs. (Doc. 3, attach. 6 at 3). Defendant also points out that it filed a Special Exceptions in state court, requesting Plaintiff to specify the maximum amount of damages claimed. (Doc. 8, attach. 2 at 2). There is no evidence to suggest that Plaintiff amended her complaint or that the Special Exceptions was granted. Defendant also argues that it was not until the Request for Admissions

---

[2] Other district courts in the Fifth Circuit have found that Requests for Admissions constitute "other paper" in which federal jurisdiction can be based. *See Thompson v. S. Nat'l Fin. Corp*., No. 3:06CV75-WHB-JCS, 2006 U. Dist. LEXIS 23505, at *6 (S.D. Miss. Apr. 12, 2006).

that it received notice that Plaintiff was seeking damages in excess of $75,000.00. (Doc. 8 at 2).

Lastly, Plaintiff argues that diversity jurisdiction does not exist because Defendant "is a Corporation based in Texas, is organized under the laws of the State of Texas, and its registered agent . . . is in the State of Texas." (Doc. 6 at 2). However, Defendant counters that "Wal-Mart Stores East, LP is a limited partnership whose principal place of business is Benton County, Arkansas." (Doc. 8 at 2). The Court agrees with Defendant that the both Plaintiff (who is a Texas resident) and Defendant are diverse. The Court is also satisfied that Defendant timely filed its Notice of Removal within thirty (30) days of its receipt of "*other paper*" from which it first ascertained that removal was proper.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand is **DENIED**. (Doc. 6).

SO ORDERED this 17th day of April, 2007, at McAllen, Texas.

*[signature]*

Randy Crane
United States District Judge